(No. 80-CV-0190—)

*In re* APPLICATION OF MICHAEL ZIEMBA.

*Order filed March 5, 1982.*

FERN H. ZITTLER, for Claimant.

TYRONE C. FAHNER, Attorney General (MAUREEN CAIN, Assistant Attorney General, of counsel), for Respondent.

POCH, J.

This claim arises out of an incident that occurred on June 8, 1976. Michael Ziemba, Claimant, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. Ill. Rev. Stat. 1977, ch. 70, par. 71 *et seq.*

This Court has carefully considered the application for benefits submitted on September 27, 1979, on the form prescribed by the Court, and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. That on June 8, 1976, the Claimant was shot by an unknown offender during the course of an armed robbery. The incident occurred in an alley at 750 South Cicero Avenue, Chicago, Illinois. When questioned by the investigatory police officers as to what had transpired, the Claimant related that he had procured the services of a prostitute and that they had driven in the Claimant's car to the secluded alley. While there, the offender approached them and demanded the Claimant's money. When the Claimant resisted, the offender shot

him twice in the head. The Claimant then drove himself to Oak Park Hospital where he was treated for his injuries. The offender has been apprehended, prosecuted and convicted of armed robbery, aggravated battery and attempted murder.

2. That section 3(f) of the Act states that a person is entitled to compensation under the Act if the injury to or the death of the victim was not substantially attributable to the victim's wrongful act or substantial provocation of the assailant.

3. That the Claimant seeks compensation for medical/hospital expenses and loss of earnings. Among the medical expenses for which the Claimant seeks compensation are those he incurred for the amputation of his leg.

4. That it appears from the investigatory report and the police report that the Claimant's injury was substantially attributable to his involvement in the illegal act of patronizing a prostitute (Ill. Rev. Stat. 1975, ch. 38, par. 11—18.).

5. That the Claimant has not met a required condition precedent for compensation under the Act.

It is hereby ordered that this claim be, and is hereby denied.